UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER CIPILEWSKI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| -against- | : | JURY TRIAL DEMANDED |
| | : | |
| JOHN SZYMANSKI, | : | |
| DOMINICK MANETTI and | : | |
| LACKAWANNA COUNTY, | : | |
| | : | |
| | : | No. |
| Defendants. | : | |

COMPLAINT

Plaintiff Chester Cipilewski ("Mr. Cipilewski"), by his attorney, Barry H. Dyller, Esq. of the Dyller Law Firm, for his Complaint alleges as follows:

JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. § 1983, and the common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the defendants reside in this State and in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

3. Plaintiff Chester Cipilewski ("Mr. Cipilewski") is, and at all times relevant hereto was, an adult individual residing in Lackawanna County, Pennsylvania.

4. Defendant John Szymanski ("Szymanski") was at all relevant times the elected sheriff of Lackawanna County.

5. Defendant Dominick Manetti ("Manetti") was at all relevant times Lackawanna County's chief deputy sheriff. Manetti is very close friends with Szymanski.

6. Defendant Lackawanna County, is a county located in the Commonwealth of Pennsylvania.

## BACKGROUND

7. Mr. Cipilewski was a Lackawanna County deputy sheriff for 25 years, from 1984 until he was terminated in 2009.

8. The job of deputy sheriff is not a policymaking position, nor is it a position which requires the political confidence or confidentiality of the person holding the position of elected sheriff.

9. As a deputy sheriff, Mr. Cipilewski was a member of a union.

10. As a member of a union, Mr. Cipilewski had a property interest in his job as deputy sheriff.

The May 2009 Primary Election for Sheriff

11. Mr. Cipilewski and Sheriff Szymanski are each Democrats.

12. At the end of 2009, Szymanski's term as sheriff was to expire. Therefore, in 2009 there was an election for sheriff.

13. Mr. Cipilewski decided to challenge Szymanski for the Democratic nomination for sheriff. That nomination was decided in a May, 2009 primary election.

Political Speech

14. Mr. Cipilewski's act of running was political speech indicating that he was the better candidate for the job of Lackawanna County Sheriff.

15. In addition, Mr. Cipilewski engaged in speech during the campaign to the effect that he would be a better sheriff than Szymanski.

16. Mr. Cipilewski's speech included verbal speech. Mr. Cipilewski's speech included written speech, including advertisements and a web site.

17. Some of the speech discussed the fact that "twenty-eight years is too long" – a reference to the fact that Szymanski had been sheriff for

twenty-eight years. Some of the speech discussed the fact that it was "time for a change" – a statement meaning that it was time for a different sheriff, not Szymanski.

18. Some of the speech referred to problems and gaffes in the sheriff's office, including hyperlinks to newspaper articles entitled "Gun Pulled at Lackawanna Courthouse," "Courthouse Gun Policy Questioned" and "Judge Rebukes County Sheriff."

19. One hyperlink on Mr. Cipilewski's website linked to an article discussing the fact that the county Democratic party endorsed Mr. Cipilewski over Szymanski.

20. Mr. Cipilewski discussed many issues about how he would change policies from Szymanski's policies in order to create more cooperation with local police departments, would create more efficiencies within the Lackawanna County Sheriff's office, and other matters about why Mr. Cipilewski would be a better sheriff than Szymanski.

The March 19, 2009 Political Dirty Tricks

21. On March 19, 2009, a citizen saw Szymanski's friend and right hand man Chief Deputy Sheriff Manetti stealing one of Mr. Cipilewski's campaign signs.

22. Mr. Cipilewski and the witness reported this theft to the police.

23. Over the next months, Mr. Cipilewski engaged in speech about the theft and prosecution of Szymanski's close friend Manetti.

The May 2009 Primary Election

24. Szymanski defeated Mr. Cipilewski in the May 2009 primary election. Szymanski became the Democratic candidate for sheriff.

25. In November 2009, Szymanski won the general election and retained his position as Lackawanna County Sheriff.

The Political Firing

26. After winning in the May, 2009 primary, Szymanski decided to retaliate against Mr. Cipilewski.

27. Despite the fact that Mr. Cipilewski had served as a deputy sheriff for twenty-five years, Szymanski and his friend Manetti conspired to terminate Mr. Cipilewski from his employment.

28. Szymanski and Manetti recruited young deputy sheriffs to make complaints about Mr. Cipilewski. The complaints were fabricated and were, in essence, that Mr. Cipilewski left his shift a few minutes early when his

replacement arrived, in accordance with long-standing sheriff's office practice.

29. On July 24, 2009, Manetti called Mr. Cipilewski into his office for a meeting to discuss the complaint.

30. The meeting was a sham, as Szymanski and Manetti had already agreed with each other to terminate Mr. Cipilewski.

31. The termination had nothing to do with anything Mr. Cipilewski had done as deputy sheriff. The termination was retaliation for Mr. Cipilewski's speech and act of running for sheriff.

32. On July 28, 2009, Szymanski and Lackawanna County terminated Mr. Cipilewski's employment.

33. As a further act of retaliation, Szymanski released the letter terminating Mr. Cipilewski to the local newspaper, and did so before he even notified Mr. Cipilewski that he was terminated.

Lackawanna County

34. Lackawanna County is liable because it was Mr. Cipilewski's employer which terminated his employment.

35. Lackawanna County is liable because defendant Szymanski, as the elected sheriff of Lackawanna County, is the highest policy maker for

Lackawanna County for matters relating to the Sheriff's Office, including the termination of employees.

Breach of Contract and Fraud

36. Based on the above, Mr. Cipilewski informed Lackawanna County, Szymanski and Manetti of his intent to bring a civil rights lawsuit against them.

37. Mr. Cipilewski and Lackawanna County and Szymanski, through their respective counsel, began negotiating a resolution or partial resolution to the issues between them.

38. The negotiations culminated on March 18, 2010 in an unconditional offer by Lackawanna County to reinstate Mr. Cipilewski to return to his former position as deputy sheriff, on the same shift and with the same job responsibilities, compensation and benefits he had previously enjoyed prior to his termination on July 28, 2009.

39. As part of the offer of reinstatement, Mr. Cipilewski would not have to release any legal claims he had regarding his termination.

40. The effect of acceptance of the offer would be that it would cut off any "front pay" or "future damages" owed by Lackawanna County,

Szymanski or Manetti to Mr. Cipilewski. This would be a big benefit to them.

41. Further, of course, Mr. Cipilewski would provide work to Lackawanna County and Szymanski.

42. Upon information and belief, Szymanski had authorized Lackawanna County to extend the offer of reinstatement to Mr. Cipilewski.

43. Upon information and belief, Lackawanna County and Szymanski expected Mr. Cipilewski to reject their offer of reinstatement. Such a rejection would significantly reduce their exposure to future damages because it would be a failure to mitigate damages by Mr. Cipilewski.

44. Upon information and belief, Lackawanna County and Szymanski never intended for Mr. Cipilewski to return to work. They were just attempting to create false facts to help their legal position.

45. On March 18, 2010, the same day Lackawanna County made the offer of reinstatement to Mr. Cipilewski, Mr. Cipilewski accepted the offer.

46. The offer and acceptance constituted a contract.

47. Lackawanna County and Szymanski never returned Mr. Cipilewski to work. They thus breached the contract.

Damages

48. As a result of defendants' actions, plaintiff suffered and will continue to suffer damages, including economic damage, damage to reputation, and emotional distress.

COUNT ONE
(42 U.S.C. § 1983)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if fully repeated herein.

50. Defendants terminated plaintiff because he exercised his First Amendment rights.

51. Defendants Szymanski and Manetti conspired with each other and with others to retaliate against the plaintiff because he exercised his First Amendment free association and free speech rights.

52. Defendants terminated plaintiff's employment in violation of the Equal Protection Clause of the Fourteenth Amendment, and without due process of law. The individual defendants conspired with each other and with others terminate the plaintiff's employment in violation of the Equal

Protection Clause of the Fourteenth Amendment, and without due process of law. The defendants thus violated the plaintiff's Equal Protection and Due Process rights under the Fourteenth Amendment to the United States Constitution.

53. Defendants' conduct therefore was a deprivation, under color of state law, of rights guaranteed to the plaintiff under the First and Fourteenth Amendments to the United States Constitution.

54. As a result of defendants' violations of the plaintiff's Constitutional rights, the plaintiff suffered substantial injuries and damage.

## COUNT TWO
(Wrongful Termination In Violation of Public Policy)

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 as if fully repeated herein.

56. Defendants terminated plaintiff's employment.

55. Such termination was in violation of public policy.

56. As a result of such termination of employment in violation of public policy, the plaintiff suffered economic and other damage.

COUNT THREE
(Breach of Contract)

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 as if fully repeated herein.

58. Lackawanna County and Szymanski made an offer of reinstatement of employment to Mr. Cipilewski.

59. Mr. Cipilewski accepted that offer.

60. There was consideration for the offer. The consideration flowing from Mr. Cipilewski to Lackawanna County and Szymanski included his promise to return to work and the reduction in the mitigation or reduction of damages that would occur and therefore the reduced financial exposure to Lackawanna County and Szymanski.

61. Lackawanna County and Szymanski breached their contract with Mr. Cipilewski.

62. As a result of Lackawanna County's and Szymanski's breach of contract, Mr. Cipilewski suffered damage.

COUNT FOUR
(Fraud)

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as if fully repeated herein.

64. Defendants Lackawanna County and Szymanski uttered a misrepresentation. Specifically, they stated that they were offering Mr. Cipilewski reinstatement to his employment.

65. Defendants Lackawanna County and Szymanski intended to induce Mr. Cipilewski to act on their false offer of reinstatement to his employment.

66. Mr. Cipilewski justifiably relied upon defendants Lackawanna County's and Szymanski 's misrepresentation.

67. As a result of defendants Lackawanna County's and Szymanski's misrepresentation, Mr. Cipilewski suffered damages.

WHEREFORE, plaintiff demands judgment as follows:

A. For Count One, an amount to be determined at trial, including punitive damages against defendants Szymanski and Manetti, plus interest;

B. For Count Two, an amount to be determined at trial, including punitive damages, plus interest;

C. For Count Three, an amount to be determined at trial, plus interest;

D. For Count Four, an amount to be determined at trial, including punitive damages, plus interest;

E. For plaintiff's attorneys' fees, pursuant to 42 U.S.C. § 1988;

F. For the costs and disbursements incurred in this action; and

G. For such other and further relief as the Court deems just and proper.

DYLLER LAW FIRM

s/ Barry H. Dyller
Attorney ID No.: 65084
Attorneys for Plaintiff
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

JURY DEMAND

Plaintiff demands a trial by jury on all legal issues triable to a jury.