**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHESTER CIPILEWSKI,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2071

(JUDGE CAPUTO)

JOHN SZYMANSKI, DOMINICK
MANETTI, and LACKAWANNA COUNTY,

    Defendants,

**MEMORANDUM**

Presently before the Court are Motions to Dismiss filed on behalf of Defendant Lackawanna County (Doc. 19), Defendant Dominick Manetti (Doc. 34), and Defendant John Szymanski (Doc. 36). For the reasons stated below, the Motions will be granted in part and denied in part.

**BACKGROUND**

Plaintiff's Complaint alleges as follows.

Plaintiff Chester Cipilewski was a Lackawanna County deputy sheriff for twenty-five years, from 1984 until his termination in 2009. At the end of 2009, Sheriff Szymanski's term was about to expire and Mr. Cipilewski decided to challenge him for the Democratic nomination for sheriff. In the course of pursuing the nomination, Mr. Cipilewski made a number of statements about how he would be a better candidate for Sheriff than Mr. Szymanski. Mr. Cipilewski's campaign website also included hyperlinks to newspaper articles that were critical of Sheriff Szymanski over an incident at the Lackawanna Courthouse. On March 19, 2009 someone saw Chief Deputy Sheriff Dominick Manetti steal one of Mr. Cipilewski's campaign signs and reported the theft to the police. This incident was also discussed by Mr. Cipilewski in his campaign speeches. Sheriff Szymanski

defeated Mr. Cipilewski in the May 2009 primary election and was re-elected Lackawanna County Sheriff in November 2009. After Sheriff Szymanski won re-election, he conspired with Mr. Manetti to retaliate against Mr. Cipilewski by terminating him from his position as deputy sheriff. They went about doing this by having younger deputies fabricate complaints about Mr. Cipilewski leaving his shift early once his replacement had arrived, a long standing practice in the department. Mr. Manetti had a meeting with Mr. Cipilewski on July 24, 2009 to discuss the complaints, but it had already been decided that Mr. Cipilewski would be fired. On July 28, 2009, Sheriff Szymanski and Lackawanna County terminated Mr. Cipilewski's employment. After Mr. Cipilewski informed the Defendants that he intended to sue, Sheriff Szymanski, Lackawanna County, and Mr. Cipilewski began negotiating a resolution to the issues between them. On March 18, 2010, Lackawanna County agreed to reinstate Mr. Cipilewski to his former position, with same benefits and pay. Although Mr. Cipilewski would not have to release any legal claims he had regarding his termination, acceptance of the offer would cut off any "front pay" owed by Lackawanna County. Mr. Cipilewski accepted the offer the same day it was extended. However, Lackawanna County and Sheriff Szymanski never allowed Mr. Cipilewski to return to work.

Plaintiff filed his Complaint on October 6, 2010. In his Complaint, Plaintiff brings claims for: First Amendment Retaliation, Procedural Due Process, and Equal Protection, all under § 1983 (Count I); Wrongful Termination (Count II); Breach of Contract (Count III); and Fraud (Count IV). Plaintiff seeks compensatory, as well as punitive, damages, and attorneys' fees under § 1983. The Defendants have each filed a Motion to Dismiss. (Docs. 19, 34, and 36.) The Motions have been fully briefed and are ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

3

motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**I.    Defendant Lackawanna County's Motion to Dismiss (Doc. 19)**

   **A.    Plaintiff's § 1983 Claims**

Defendant Lackawanna County's Motion to Dismiss Plaintiff's § 1983 claims because Sheriff Szymanski had sole responsibility for employee hiring and firing decisions will be denied.

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

To establish a claim under § 1983, a plaintiff must show that the defendant 1) was a state actor who 2) violated the plaintiff's rights under the Constitution or federal law. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-70 (3d Cir. 2004) (internal citation omitted). The United States Supreme Court has held that a municipality may be a "state actor" for purposes of liability under § 1983. "A municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior.* Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." *Monell v. New York City Dept. of Social Services*, 98 S.Ct. 2018 (1978). Actions by persons with final authority for making a decision within the municipal entity constitute official policy for purposes of § 1983. *See Pembauer v. City of Cincinnati,* 475 U.S. 469, 483-484 (1986) ("municipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). The Third Circuit has further held:

> An individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.

*Hill v. Borough of Kutztown*, 455 F. 3d 255, 245 (3d Cir. 2006).

Here, citing 16 P.S. § 1620 of the County Code, Lackawanna County argues that it cannot be liable under § 1983 because the County had no authority to affect Plaintiff's

employment. This argument, however, misstates the law. 16 P.S. § 1620 clearly states that Sheriff Szymanski was a final policy-maker under *Pembauer* and its progeny because authority over hiring and firing of police department employees had been delegated to him. Therefore, his actions in this capacity were effectively actions taken by Lackawanna County. If Lackawanna County's reasoning was correct here, every municipality could essentially insulate itself from § 1983 liability by statutorily or contractually divesting itself of certain powers. Defendant Lackawanna County's Motion will be denied on these grounds.

### B. Plaintiff's Wrongful Termination Claim

Plaintiff has agreed to voluntarily dismiss his Wrongful Termination Claim and therefore need not be addressed.

### C. Plaintiff's Breach of Contract Claim

Plaintiff's Breach of Contract claim will not be dismissed. Plaintiff has pled facts sufficient to show that there was mutual consideration for the alleged agreement to reinstate Plaintiff as deputy sheriff.

In addressing contract formation, the Third Circuit has stated:

It is by now hornbook law that "the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." *Channel Home Ctrs. v. Grossman*, 795 F.2d 291, 298-99 (3d Cir.1986) (citing *Lombardo v. Gasparini Excavating Co.*, 385 Pa. 388 (1956); Linnet v. Hitchcock, 324 Pa.Super. 209 (1984)). Consideration is, of course, a required element of contract formation. *Id.* at 299. While typically analyzed in terms of offer and acceptance, *see* 1 Arthur L. Corbin, *Corbin on Contracts* § 12, at 27 (1963), the decisive inquiry in contract formation is the "manifestation of assent of the parties to the terms of the promise and to the consideration for it...." 1 Samuel Williston, *A Treatise on the Law of Contracts* § 23, at 51 (Walter H.E. Jaeger ed., 3d ed.1957); Restatement (Second) of Contracts § 22 (1981). Thus, applying Pennsylvania law, we look to: (1) whether both parties manifested an intention

6

>  to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration. *See Channel Home Ctrs.*, 795 F.2d at 299; *Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 441 Pa.Super. 281 (1995).

*ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 665-66 (3d Cir. 1998). Specifically discussing consideration, Restatement (Second) of Contracts § 71 (1981) states:

> (1) To constitute consideration, a performance or a return promise must be bargained for.
>
> (2) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.
>
> (3) The performance may consist of
> (a) an act other than a promise, or
> (b) a forbearance, or
> (c) the creation, modification, or destruction of a legal relation.
>
> (4) The performance or return promise may be given to the promisor or to some other person. It may be given by the promisee or by some other person.

"A breach of contract claim is made out where there was a contract, a duty imposed by that contract was breached, and damages resulted from the breach." *Koken v. Steinberg*, 825 A.2d 723 (Pa. Cmwlth. 2003).

Here, Defendant Lackawanna County argues that because there was no consideration on Plaintiff's side for the offer to reinstate him as deputy sheriff, there was no contract in place and therefore no breach when Plaintiff wasn't reinstated. However, as Plaintiff's Complaint alleges, in accepting the offer, Plaintiff gave up his right to sue for "front pay" or "future damages" relating to his allegedly unlawful termination. By returning to work rather than going to the newspapers or other media outlets, Plaintiff would also have spared Lackawanna County embarrassment and unwanted notoriety as well. The Court

therefore finds that there was mutual consideration and will not dismiss Plaintiff's Breach of Contract Claim.

### D. Plaintiff's Fraud Claim

Plaintiff's Fraud claim will be dismissed because Plaintiff has failed to plead detrimental reliance.

"[T]o establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Colaizzi v. Beck*, 895 A. 2d 36, 39 (Pa. Super. Ct. 2006) (citing *Rizzo v. Michener*, 401 Pa.Super. 47, 61 (1990)).

Here, Plaintiff has alleged that Defendants Lackawanna County and Sheriff Szymanski only presented Plaintiff with the reinstatement offer so that once Plaintiff rejected the offer, as Defendants believed he would, Defendants could claim that Plaintiff failed to mitigate his damages, and that Defendants never intended to go through with the agreement. However, Plaintiff has failed to plead damages he suffered as a result of Defendants misrepresentations. Plaintiff simply remained out of a job from which he had already been terminated. Therefore, this claim will be dismissed.

## II. Defendant Dominick Manetti's Motion to Dismiss Plaintiff's Procedural Due Process and Wrongful Termination Claims (Doc. 34)

### A. Plaintiff's Procedural Due Process Claim

Defendant Manetti's Motion to Dismiss Plaintiff's Procedural Due Process claim will be denied because Plaintiff has adequately alleged that he was not provided adequate pretermination due process procedure.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law ." To prevail on a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show (1) that he possessed a life, liberty, or property interest within the meaning of the Fourteenth Amendment, and (2) that he did not have procedures available to him that would provide him with "due process of law." *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir.1984).

"The text of the Fourteenth Amendment speaks of 'property' without qualification, and it is well-settled that state-created property interests, including some contract rights, are entitled to protection under the procedural component of the Due Process Clause." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir.2000). Furthermore, the Third Circuit has held that "it is beyond dispute today that a contract with a state entity can give rise to a property right under the Fourteenth Amendment." *Linan-Faye Constr. Co., Inc. v. Hous. Auth. of the City of Camden*, 49 F.3d 915, 931 (3d Cir.1995).

> Two types of contracts create a protected property interest: "(1) where 'the contract confers a protected status, such as those 'characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits' "; or (2) where 'the contract itself includes a provision that the state entity can terminate the contract only for cause.' "

*Kadluboski v. Trimble*, No. 3:06cv2062, 2008 WL 4279879, at *4 (M.D. Pa. Sept. 15, 2008) (quoting *Linan-Faye Constr. Co.*, 49 F. 3d at 932 (internal citation omitted)).

As to the question of whether or not there are procedures in place to provide the Plaintiff with due process of law:

> "[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due.' " *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (quoting *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972)). Courts have found that due process "is not a technical conception with a fixed content

9

unrelated to time, place and circumstances.' " *Matthews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961)). Instead, courts are to inquire into the circumstances of the deprivation to determine what process is required. *Id.*

In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985), the Supreme Court concluded that a public employee with a property interest in his job is entitled to a pretermination hearing. However, "the pretermination 'hearing,' though necessary, need not be elaborate." *Id.* at 545. The hearing "need not definitively resolve the propriety of the discharge"; rather, "[i]t should be an initial check against mistaken decisions-essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-46. Thus, in the pretermination hearing the employee is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id*.

Regarding post-termination procedures, grievance procedures established in a collective bargaining agreement may satisfy due process requirements. *Dykes v. Se. Pa. Transp. Auth.*, 68 F. 3d 1564, 1571 (3d Cir. 1995) (quoting *Armstrong v. Meyers*, 964 F. 2d 948, 951 (9th Cir. 1992)). To determine whether the grievance procedures in the controlling collective bargaining agreement comply with due process requirements, the court applies the three part balancing test ordained by the United States Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319 (1976). *Dykes v. Se. Pa. Transp. Auth.*, 68 F. 3d 1564, 1571 (3d Cir. 1995). First, the court considers the employee's interest that would be affected by the official action. *Dykes*, 68 F.3d at 1572 (quoting *Matthews*, 424 U.S. at 335). Second, the court assesses the risk of an erroneous deprivation through the grievance and arbitration process and weighs the potential value of additional or substitute procedural safeguards. *Id.* Third, the court takes into account the governmental interest. *Id.* The Third Circuit has

further determined that "[i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F. 3d 107, 116 (3d Cir. 2000). As a result, a plaintiff cannot claim denial of due process unless he or she took advantage of the available processes or was kept from doing so. *Solomon v. Phila. Hous. Auth.*, No. 02-6630, 2004 WL 1427140, at *3 (E.D. Pa. June 18, 2004).

Here, Plaintiff, who had a property interest in his employment created by a collective bargaining agreement that provided he could only be fired "for cause," claims that he was called into a meeting in Defendant Manetti's office four days before he was terminated to discuss Plaintiff's leaving his shift a few minutes early once his replacement had arrived. Plaintiff claims that the decision to terminate him as retaliation for Plaintiff's seeking the Democratic nomination for sheriff had already been made when the meeting was held. It is unclear from the Complaint whether or not Plaintiff had an opportunity to present his side of the story or how in-depth the meeting was, but from the face of the Complaint the Court finds that such a perfunctory meeting does not satisfy the requirements set forth in *Loudermill*. Since there are post-termination grievance procedures in place under the collective bargaining agreement, the Court will interpret Plaintiff's Complaint as only alleging that the pretermination proceedings were inadequate. The motions on this ground will be denied.

### B. Plaintiff's Wrongful Termination Claim

Since Plaintiff has agreed to voluntarily dismiss his Wrongful Termination Claim, the Court need not address it.

### C. Plaintiff's Equal Protection Claim

Plaintiff and Defendant Manetti have also stipulated to Plaintiff's withdrawal of his

§ 1983 Equal Protection claim against Defendant Manetti.

### III. Defendant Szymanski's Motion to Dismiss (Doc. 36)

Defendant Szymanski has moved to dismiss Plaintiff's Procedural Due Process, Wrongful Termination, Breach of Contract, and Fraud claims on the same grounds as those outlined by the other Defendants. For the reasons stated above, Plaintiff's Procedural Due Process and Breach of Contract claims will not be dismissed, and Plaintiff's Wrongful Termination and Fraud claims will be dismissed.

### **CONCLUSION**

For the reasons stated above, Defendants' Motions to Dismiss (Doc. 19, 34, and 36) will be granted in part and denied in part as follows. Defendants' Motion to Dismiss Plaintiff's Procedural Due Process claim is denied. Defendants' Motion to Dismiss Plaintiff's Wrongful Termination claim is granted. Defendants' Motion to Dismiss Plaintiff's Breach of Contract claim is denied. Defendants' Motion to Dismiss Plaintiff's Fraud claim is granted. Finally, Plainitiff's Equal Protection Claim against Defendant Manetti is dismissed as per stipulation between the parties. An appropriate order follows.


March 25. 2011                            /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHESTER CIPILEWSKI,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2071

(JUDGE CAPUTO)

JOHN SZYMANSKI, DOMINICK MANETTI, and LACKAWANNA COUNTY,

    Defendants,

## ORDER

**NOW**, this 25th day of March, 2011, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Doc. 19, 34, and 36) are **GRANTED** in part and **DENIED** in part as follows:

(1) Defendants' Motion to Dismiss is **denied** on Plaintiff's Procedural Due Process claim.

(2) Defendants' Motion to Dismiss is **granted** on Plaintiff's Wrongful Termination claim.

(3) Defendants' Motion to Dismiss is **denied** on Plaintiff's Breach of Contract claim.

(4) Defendants' Motion to Dismiss is **granted** on Plaintiff's Fraud claim.

(5) Plainitiff's Equal Protection Claim is **dismissed** against Defendant Manetti as per stipulation between the parties.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge